### UNITED STATES v. HART.

#### (Circuit Court, N. D. Florida. June 28, 1908.)

1. HOMICIDE—JUSTIFIABLE HOMICIDE—SELF-DEFENSE.

In a prosecution for murder charged to have been committed on a military reservation, if the evidence is such as to satisfy the jury that the defendant was a trespasser on the reservation, and was waiting around with the intent and purpose of bringing on a difficulty with another, and did in fact bring on the difficulty with the person killed, who met his death from a shot fired by defendant, such killing cannot be justified as in self-defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, §§ 145–150.]

2. SAME—"MURDER"—KILLING ONE WITH DESIGN TO EFFECT DEATH OF ANOTHER.

If a man shoots at another with the intention of killing him (and such killing if consummated would be murder), and kills a bystander or another, he is guilty of the murder of the person killed, whether the killing of the latter was due to a mistake as to his or her identity, or to recklessness in the aim of the one doing the killing.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, § 23.

For other definitions, see Words and Phrases, vol. 5, pp. 4632–4637; vol. 8, pp. 7726, 7727.]

3. SAME—"MALICE."

Malice, legally speaking, in relation to murder, is a conscious violation of law to the prejudice of another; evil design in general; the dictates of a wicked, depraved, and malignant heart.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 26, Homicide, § 15.

For other definitions, see Words and Phrases, vol. 5, pp. 4298–4304; vol. 8, pp. 7712, 7713.]

Prosecution for Murder. Charge to the jury.

Emmett Wilson, J. E. D. Yonge, and J. R. Landrum, for the United States.

Jones & Pasco, for defendant.

SHEPPARD, District Judge (charging jury): It is the duty of the court to charge you on the law applicable to the facts in this case. Courts of the United States are not inhibited from summing up the facts and reviewing the testimony, but by statute the state courts are prevented from so doing, and this court in this state is disposed to be governed by the state practice, and consequently I will charge you only upon the law of the case.

The indictment against James Hart, the defendant, charges him with the murder of Sergeant Oscar L. Gatlin, on a military reservation, at Ft. Barrancas, Escambia county, Fla. It is charged that said post or fort was then and there and before such time, to wit, on the night of the 11th and the morning of the 12th of January, A. D. 1908, ceded to the United States, and was then and there, and now is, under the exclusive jurisdiction of the United States. This court could not entertain jurisdiction of the offense charged against the defend- ant, unless it was alleged to have been committed on the reservation or within some fort, arsenal, dockyard, magazine, or some other place, or district, under the exclusive jurisdiction of the United States. If it were not so charged, the offense would not be cognizable under the laws of the United States, and this court would be without jurisdic- tion to try it. I therefore charge you, as a matter of law, that the in- strument executed by the government of the state of Florida which has been produced in evidence in this trial cedes to the United States exclusive jurisdiction over the land and territory contained within the boundaries of the military reservation in which is situated Ft. Bar- rancas, Fla., but, like the other material facts charged in the indict- ment, the burden is upon the United States to prove beyond a reason- able doubt that the offense (if any offense was committed) was with- in the limits of the boundaries set forth in the cession of jurisdiction from the state of Florida to the United States, and used and occupied by the United States as such army reservation. That is a question of fact for you to determine from a consideration of all the evidence, and, if you find that the homicide was not committed within the bound- aries covered by or included within the cession, then the offense would not be within the jurisdiction of this court, and, if you should so find, it would be your duty to acquit the defendant. If you are satisfied that Sergeant Gatlin was killed by the defendant at or within a place under the exclusive jurisdiction of the United States, it will next be your duty to inquire into the facts and circumstances of the alleged killing in order to determine the question of the guilt or innocence of the defendant, James Hart.

The crime, as I have already said to you, charged in the indictment is murder; but in your consideration of the entire case you will not be limited or confined to an investigation solely of that offense. The statutes provide that in all criminal cases the defendant may be found

guilty of any offense the commission of which is necessarily contained in that which is charged in the indictment, and you are instructed by the court that the crime of manslaughter is included within the crime of murder. Both of these offenses are defined by the law, and I will read you a definition of both:

"Murder: The Revised Statutes of the United States prescribe a penalty for any person who commits murder within any fort or other place or district of country under the exclusive jurisdiction of the United States: but the statutes do not define the offense of murder. Therefore we must turn to the common law as it existed in England before the Revolution, and has been interpreted since by the courts, for a definition of that crime. It is this: Murder is where a person of sound memory and discretion unlawfully and feloniously kills any human being in the peace of the sovereign, with malice prepense or aforethought express or implied.

"Manslaughter: The offense of manslaughter, as defined by the United States Revised Statutes in section 5341 (U. S. Comp. St. 1901, p. 3628), prescribes that every person who, within any of the places or upon any of the waters described in the section that I first read, to wit, any fort, arsenal, etc. —every person who there unlawfully and willfully, but without malice, strikes, stabs, wounds, or shoots at or otherwise injures another, of which striking, stabbing, wounding, shooting, or other injury such person dies, is guilty of the crime of manslaughter."

That is the definition of manslaughter.

You will observe, gentlemen, that the distinction between murder and manslaughter is that in the first malice is present, and in the latter it is absent. It is therefore necessary to give you a technical meaning of the word "malice." Malice is defined as an intent to do injury to another, or a design formed of doing some mischief to another. It is essential that malice be shown in order to make the offense of murder. It may be inferred from the manner of killing. If there was a formed purpose to kill at the time of the shooting, it is sufficient. But malice being an essential element of murder, and in proving malice, like any other fact, the burden is on the government to prove beyond a reasonable doubt.

There is another legal phrase which calls for a definition at the outset; and which is necessary to explain to you in this connection and that is excusable or justifiable homicide. Homicide is excusable when committed by accident or misfortune in legally correcting a child or servant, or in doing any other legal act by lawful means, with usual ordinary care, and without any unlawful intent, or by misfortune, or accident, in heat of passion, upon sudden and sufficient provocation, or in any sudden combat without any dangerous weapons being used, and not done in any unusual manner. Homicide is justifiable when committed in either of the following cases: First, when resisting any attempt to murder such person, or to commit any felony upon him or her, or in any dwelling house in which such person shall be; or, secondly, when committed in lawful defense of such person, or his or her husband, wife, parent, child, master, mistress, or servant, when there shall be reasonable ground to apprehend a design to commit a felony, or to do some great bodily injury, and there being imminent danger of such design being accomplished, or when necessarily committed in attempting by lawful means to apprehend any person for any felony committed, or in suppressing any riot, or in lawfully keep-

ing and protecting the public peace. Thus you may see that every homicide is not murder, nor every killing of a human being a crime. It must be determined from the facts and circumstances, first, whether or not the crime has been committed; and, if so, whether the defendant, James Hart, committed the crime. You have seen that murder is where a person of sound mind and discretion unlawfully kills any human being in the peace of the sovereign with malice, prepense, or with aforethought, express or implied. To find that the killing of Sergeant Gatlin was murder, it will devolve upon you to determine from the testimony whether or not the killing was unlawful and with malice aforethought, express or implied.

Manslaughter has been defined to be the killing of another without malice, express or implied, which may be voluntary upon sudden heat, or involuntary in the commission of some lawful act. Any unlawful and willful killing of a human being without malice is manslaughter, and thus defined it includes a negligent killing which is also willful. Manslaughter occupies the middle ground between excusable, or justifiable, homicide on the one hand, and murder on the other.

To constitute murder there must be malice, and malice, you will remember, was an intent to do bodily harm, a formed design, and deliberate intent to kill. It does not necessarily imply any ill will, spite, or hatred towards the individual killed, but includes a case of a depraved, wicked, and malicious mind, and a will deliberately bent on murder, or doing some great bodily harm. It implies premeditation, which is a period of time for prior consideration, but as to the duration of that period the limit cannot be arbitrarily fixed. The time in which to form a design varies as the minds and temperaments of men differ, according to the circumstances in which they may be placed, and an interval of time between the forming of the intent to kill and the execution of such intent sufficiently long for the defendant to be fully conscious of what he intended, is sufficient to support a conviction for murder. Malice, as I have before said, may be inferred from the facts in the case. It may be drawn as an inference from all the evidence that is produced when taken into consideration as a whole. No fact, no matter how small, nor circumstance, no matter how trivial, which bears upon the question of malice, should escape careful consideration by the jury, for instance, the time and place of the deed, and the preparation of the defendant, as well as the use of a deadly weapon; and it is only as a conclusion from these facts and circumstances that malice, if at all, is to be inferred. Therefore, if you find from the evidence beyond a reasonable doubt that James Hart, while in the possession of a sound mind and memory and discretion, within the peace and protection of the government, and with malice aforethought, express or implied, at any time before the finding of an indictment against him, at Ft. Barrancas, Fla., on a government reservation, did unlawfully and feloniously shoot and kill Oscar L. Gatlin, then you should find the defendant guilty of murder. Section 5339, supra.

Section 1 of the act of January 15, 1897 (29 Stat. 487, c. 27 [U. S. Comp. St. 1901, p. 3620]) provides that in all cases where the accused

is found guilty of the crime of murder or of rape, under section 5339 or 5345 of the Revised Statutes of the United States (U. S. Comp. St. 1901, pp. 3627, 3630), the jury may qualify their verdict by adding thereto "without capital punishment," and, whenever the jury shall return a verdict qualified as aforesaid, the person convicted shall be sentenced to imprisonment and hard labor for life. Section 5339, referred to, is the provision of the Revised Statutes under which the defendant is prosecuted, and I charge you, gentlemen, that under the law just read you may qualify your verdict in this case, if you should find the defendant guilty of murder, by adding thereto "without capital punishment." If you find from the evidence beyond a reasonable doubt that James Hart shot and killed said Oscar L. Gatlin at Ft. Barrancas, Fla., on the government reservation, any time before the bringing of the indictment, and that such killing was neither justifiable or excusable homicide, nor murder, then you may find the said James Hart guilty of manslaughter. If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of murder, you will find him guilty as charged in the indictment. If, however, you find him guilty of manslaughter, your verdict will be: "We, the jury, find the defendant guilty of manslaughter." But, if you find that he is not guilty of either of these offenses, then your verdict will be: "We, the jury, find the defendant not guilty." The court charges you that the law presumes the defendant innocent until proven guilty beyond a reasonable doubt; that, if you can reconcile the evidence before you upon any reasonable hypothesis consistent with the defendant's innocence, you should do so, and in that case find him not guilty.

You are further instructed that you cannot find the defendant guilty unless from all the evidence you believe him guilty beyond a reasonable doubt. The court further charges you that a reasonable doubt is a doubt based on reason, and which is reasonable in view of all the evidence; and if, after an impartial comparison and consideration of all the evidence, you can candidly say that you are not satisfied with the defendant's guilt, you have a reasonable doubt. But if, after such impartial comparison and consideration of all the evidence you can truthfully say that you have an abiding conviction of the defendant's guilt, such as you would be willing to act upon in more weighty and important matters relating to your own affairs, you have no reasonable doubt. Courts have found difficulty in defining reasonable doubt. It is perhaps easier to comprehend than to explain. It is never an unreasonable doubt; that is to say, by a reasonable doubt you are not to understand that all doubt is to be excluded. It is impossible in the determination of the issue to be absolutely certain. You are only required to decide the question submitted to you upon the strong probabilities of the case, but the probabilities must be so strong as not to exclude all possibility of error, but as to exclude every reasonable doubt.

The government in this case relies partly upon circumstantial evidence. The value of such evidence depends mainly on the conclusive nature of the circumstances relied on to establish the controverted fact. Where circumstances are relied on entirely to justify a convic-

tion, the circumstances must not only be consistent with guilt, but inconsistent with innocence. Just what state of circumstances will amount to proof can never be a matter of general definition. That circumstantial evidence is not only legal evidence and proper to be considered by you but a well-connected train of circumstances is as much conclusive of a fact as the greatest array of direct evidence. The true test always of such evidence is the sufficiency and weight of the evidence to satisfy your minds and consciences to the exclusion of every reasonable doubt of defendant's guilt. Absolute or mathematical certainty is not essential to proof by circumstances; but it is sufficient if the circumstances, with other proof or evidence in the case, produce a moral certainty as to the truth of the charge.

You are the sole and exclusive judges of the credibility of the witnesses and the weight to be given their testimony. If there is a conflict in the testimony, you should reconcile that conflict, if you can, but, if you cannot, then you are at liberty to discard that which you may believe to be unworthy of credit, and believe that which comports best with reason and common sense, and the strong probabilities of the case. When you are considering the testimony and the weight to be given the respective witnesses, you may take into consideration the interest which any witness may have in the case. When a witness has a direct, personal interest in the result of the trial, the temptation may be strong to color or withhold the facts, and you are at liberty to consider the personal interest such witness has in the result of the trial in weighing his testimony, and in determining how far or to what extent it is to be credited, if at all.

Charges requested and given for the government:

(1) The court charges you that if you believe from the evidence that the defendant was a trespasser on the military reservation at Ft. Barrancas, Fla., at the time the deceased was killed, and was waiting around the room of Annie Hart with the intent and purpose of bringing on a difficulty, and, further, that the defendant himself brought on the difficulty with Gatlin, from which deceased met his death from a shot fired by the defendant, the defendant cannot plead self-defense to justify such killing.

(2) The court charges you that if a man shoots at another with the intention of killing him (and such killing, if consummated, would be murder), and kills a bystander or another, he is guilty of the murder of the person killed, and this would be true whether the killing of the latter was due to a mistake as to his or her identity, or recklessness in the aim of one doing the killing.

(3) The court charges you that malice in its popular sense means hatred, ill will; while legally speaking it is the conscious violation of law to the prejudice of another.

It is evil design in general. The dictates of a wicked, depraved, and malignant heart.